UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. MWASI,<br><br>   Plaintiff,<br><br>  v.<br><br>KATHLEEN ALLISON, et al.,<br><br>   Defendants. | Case No. 22-cv-00973-JD<br><br>**ORDER RE DISMISSAL** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1  cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above
2  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
3  omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its
4  face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face"
5  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
6  must be supported by factual allegations.  When there are well-pleaded factual allegations, a court
7  should assume their veracity and then determine whether they plausibly give rise to an entitlement
8  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that his medical records have been provided to the California Attorney General's Office in violation of the Health Insurance Portability and Accountability Act ("HIPAA").  The Health Insurance Portability and Accountability Act, Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of 42 U.S.C.) "provides for no private right of action."  *Webb v. Smart Document Solutions*, 499 F.3d 1078, 1080 (9th Cir. 2007); *see*, *e.g.*, *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (citing *Webb* and dismissing prisoner's claim under HIPAA for disclosure of his medical records).

Plaintiff states that litigation coordinators at several prisons in California have provided his medical records to attorneys in the Attorney General's Office.  While plaintiff has engaged in extensive litigation, he states that providing access to his medical records violates HIPAA.  Pursuant to the legal standards set forth above, plaintiff is not entitled to relief because there is no private right of action under HIPAA.  Because no amount of amendment would cure the deficiencies in this complaint, this action is dismissed without leave to amend.

**CONCLUSION**

1. This action is **DISMISSED** without leave to amend for failure to state a claim and as meritless.

2

2. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: March 22, 2022

_____
JAMES DONATO
United States District Judge